# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JEFFREY COPLIN, #54688-066                                          PETITIONER

VERSUS                                         CIVIL ACTION NO. 5:09-cv-7-DCB-MTP

BRUCE PEARSON and BUREAU OF PRISONS                                 RESPONDENTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, a federal inmate incarcerated at the FCC -Yazoo City, Mississippi, filed this request for a writ of mandamus pursuant to 28 U.S.C. § 1361,[1] on January 21, 2009. Petitioner is requesting that this Court "compel the Bureau of Prisons or its designee to perform its duty owed to the Petitioner pursuant to the prescriptions and provisions of law set out in the memorandum of law." *Pet. [1]*, p.9. Upon liberal review of the Petition [1] and Response [5] filed, this Court has reached the following conclusions.

Petitioner was convicted of four counts of distribution of cocaine in the United States District Court for the Eastern District of Pennsylvania. On February 27, 2003, Petitioner was sentenced to serve 240 months imprisonment followed by a ten-year term of supervised release.[2]

Petitioner asserts that his term of supervised release is actually included in his total sentence of 240 months. Petitioner calculates his sentence to be 120 months of imprisonment

---

[1] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[2] Petitioner states that he was also ordered to pay a fine and special assessment fee.

and 120 months of supervised release.  Petitioner argues that if you start with the premise that his total time of imprisonment is 120 months, credit him for time served in jail prior to his convictions, and add good time credits, he should be released from imprisonment to supervised release on July 17, 2009.  Petitioner further creatively asserts that he became "entitled to pre-release custody under the 6 month home confinement provision of law" on February 14, 2009. *Pet. [1]*, p.7.  The Court disagrees.

Analysis

This Court has original jurisdiction over the Petitioner's request for writ of mandamus pursuant to 28 U.S.C. § 1361.  For the Petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997)(*citing United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted)); *see also Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980).  Mandamus is improper in the instant case because Petitioner does not have a clear right to the relief requested.

It is well established that a term of "supervised release commences on the day the person is released from imprisonment" and "does not run while an individual remains in the custody of the Bureau of Prisons." *United States v. Johnson*, 529 U.S. 53, 56-57, 120 S.Ct. 1114, 1117-1118, 146 L.Ed.2d 39 (2000); *see also United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998) (supervised release cannot run during any period of imprisonment).  Therefore, Petitioner does not have a right to have his ten-year term of supervised release included in his sentence of imprisonment for 240 months, thus, the Court will not compel the Bureau of Prisons to calculate

2

his sentence in accordance with such a request.[3]

As for Petitioner's assertions regarding jail time credit, it seems as if the Bureau of Prisons and the Petitioner are in agreement on this matter. It appears from the sentence computation data sheet attached to Petitioner's Response [5], that the Bureau of Prisons is applying jail time credit from December 1, 2000, until February 26, 2003, as requested by the Petitioner.

As for Petitioner's assertions regarding the calculation of his good time credits, he has previously litigated this issue in the United States District Court for the District of New Jersey. *See Coplin v. Bureau of Prisons*, 1:04cv6147 (D.N.J. Jan. 12, 2005). Furthermore, any challenges that Petitioner may have to his good time credit calculations, that have arisen since the District of New Jersey ruled, would be properly asserted in a petition for a writ of habeas corpus and not in a request for a writ of mandamus. *See Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000). As to the possible success of any habeas petition filed by inmate Coplin, this Court reaches no conclusion in that regard, the intention of the Court being merely to notify the Petitioner that he does have another possible remedy to pursue regarding the calculation of his good time credits instead of the unique remedy of mandamus. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976)("the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations").

The "issuance of the writ [of mandamus] is in large part a matter of discretion with the court to which the petition is addressed." *Id.* at 403. Because the Petitioner does not have a clear right to the relief requested and appears to have other avenues available to assert some of his

---

[3] Any challenge to the validity of Petitioner's sentence of 240 months imprisonment or to the validity of his ten-year term of supervised release are properly filed in a § 2255 Motion before the sentencing court. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

claims, this Court will not issue a writ of mandamus in the instant case.

## CONCLUSION

The Petitioner has failed to meet the requisite showing required for issuance of a writ of mandamus. *See In Re Stone*, 118 F.3d 1032 (5th Cir.1997); *United States v. O'Neil*, 767 F.2d 1111 (5th Cir.1985); *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976). Therefore, Petitioner's request for a writ of mandamus is DENIED and this case is hereby DISMISSED.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 14th day of May, 2009.

    s/David Bramlette
    UNITED STATES DISTRICT JUDGE